## LAM FOOK YOU v. WHITE, Immigration Com'r.

### (Circuit Court of Appeals, Ninth Circuit. February 5, 1923.)

### No. 3873.

Aliens ⚙⇒32(8)—Evidence held to warrant exclusion of person as Chinese alien.
    Testimony offered by a Chinese applicant for admission, in support of his claim that he was the son of a citizen of the United States, born in China, *held* of such contradictory character as to justify the administrative officers in excluding him as a Chinese alien.

Appeal from the District Court of the United States for the First Division of the Northern District of California; Maurice T. Dooling, Judge.

Habeas corpus by Lam Fook You against Edward White, Commissioner of Immigration for Port of San Francisco. From a judgment denying the writ, petitioner appeals. Affirmed.

M. A. Thomas, of San Francisco, Cal., for appellant.

John T. Williams, U. S. Atty., and Ben F. Geis, Asst. U. S. Atty., both of San Francisco, Cal. (P. A. Robbins, of San Francisco, Cal., of counsel), for appellee.

Before GILBERT and HUNT, Circuit Judges, and WOLVERTON, District Judge.

GILBERT, Circuit Judge. The appellant arrived at the port of San Francisco, November 27, 1920, and made application to enter the United States as a citizen, claiming to be the foreign-born son of Lem Kin Fou, a citizen of the United States. A board of special inquiry denied his application. On appeal, the Secretary of Labor affirmed the decision of the board. Upon a petition for habeas corpus, filed in the court below, order was issued to show cause. The matter was heard on a demurrer to the petition together with the appellee's exhibits. The demurrer was sustained and the petition was denied. The petition for the writ alleged that the hearing and proceedings had and the action of the Commissioner and the Secretary of Labor was in excess of the authority committed to them, and that the denial of the appellant's application was abuse of such authority so committed to them, and that it was abuse of discretion to deny the legal weight and sufficiency of the evidence that the appellant was the son of a citizen of the United States.

The conclusion of the executive officers was based on discrepancies and contradictions in the testimony of the appellant and his witnesses. For instance, the appellant testified that at the time of his mother's

death, four or five years before, his father was in the United States. According to the alleged father's testimony, the mother died in May, 1918, and at that time he was not in the United States, but was in China, as shown by one of the exhibits. The appellant testified that his mother had natural feet and that they were never bound. The alleged father testified that she had bound feet. The appellant testified as to his four brothers, one of whom, Lam Chee, had died. The alleged father testified that his third son, Lam You, had died. It was shown that the alleged father had testified, in 1919, that Lam Chee was the son who was dead. He testified that two of his sons were in Singapore, whereas the appellant testified that they were in the United States. There was discrepancy as to the place where the appellant's paternal grandparents were buried. These and other discrepancies were clearly sufficient to justify the doubt which the Commissioner had of the relation between the appellant and his alleged father. It is beyond question that the hearing was fairly conducted and that there was no abuse of the discretion committed to the executive officers. Low Wah Suey v. Backus, 225 U. S. 460, 32 Sup. Ct. 734, 56 L. Ed. 1165; Lee Ah Yin v. U. S., 116 Fed. 614, 54 C. C. A. 70.

The judgment is affirmed.